(December 12, 1989)

■ Edna Braham, Appellant, v Joyce Brown, as Vice Chancellor of City University of New York, et al., Respondents.— Judgment, Supreme Court, New York County (Clifford Scott, J.), entered November 14, 1988, unanimously affirmed, without costs.

Petitioner was a graduate student at Queens College between 1966 and 1968. After concededly plagiarizing another's work in one of her courses, petitioner was required to drop the course with a failing grade which thereby decreased her grade-point average to a level below 3.0, the average which was required for eligibility for the degree petitioner sought. Petitioner was permitted to take one extra course with the caveat that she would have to receive an A in the course so that she would raise her average either to 3.0 or to a close enough level which would allow her to petition for waiver of the 3.0 requirement. Petitioner did not receive an A in the additional course and was dropped from the program in April 1969. Since that time petitioner has made periodic attempts to

obtain the degree. In this CPLR article 78 proceeding petitioner seeks review of respondents' refusal in 1987 to reopen the matter on the ground of newly discovered evidence.

Assuming arguendo that the instant proceeding is not time barred, dismissal was nevertheless proper. The court properly treated the dismissal as one for academic rather than disciplinary reasons. It cannot be said on this record that respondents exercised their discretion in an arbitrary or irrational fashion or failed to act in good faith *(see, Matter of Olsson v Board of Higher Educ.,* 49 NY2d 408, 414) either in the 1987 refusal to reopen the matter of petitioner's dismissal or in the 1969 dismissal itself. Concur—Murphy, P. J., Ross, Ellerin, Smith and Rubin, JJ.